OPINION.
{¶ 1} Appellant, Edward A. Czopur, appeals an order of the Youngstown Municipal Court that overruled his objection to a magistrate's order that found appellant guilty of a minor misdemeanor.
 {¶ 2} Appellant was issued a citation for discharging a paint gun in Mill Creek Park in violation of Park Rule 8.0. On March 24, 1999, appellant appeared pro se before the magistrate. Before the proceedings began, the magistrate gave a printed explanation of pleas that described the pleas appellant could enter when called to the front of the courtroom. The explanation did not describe or inform appellant of his allocution rights. When called in front of the courtroom, the magistrate informed appellant of the charges and of the possible maximum fine. The magistrate then asked appellant what his plea was and appellant entered a plea of no contest. The magistrate found appellant guilty, imposed a $100 fine plus court costs and directed appellant to have a seat. The magistrate did not ask appellant if he had anything to say after the guilty verdict was rendered and prior to sentencing.
 {¶ 3} On March 31, 1999, appellant filed an objection with the trial court claiming he was denied his allocution rights. On April 6, 1999, the trial court entered an order finding that the objection did not comply with Civ.R. 53.[1] Also, the trial court found appellant was "afforded adequate opportunity under the explanation of pleas to make any statement that he so desired and that he failed to do so when called to the front of the courtroom." Accordingly, the trial court overruled the objection to the magistrate's order.
 {¶ 4} Appellant filed a timely appeal of the April 6, 1999 trial court judgment entry and sets forth the following assignment of error for our consideration:
 {¶ 5} "The trial court erred in finding that the Defendant was afforded a right of allocution and overruling the objections made to the magistrate's order."
 {¶ 6} The trial court ruled that appellant was afforded his allocution rights when the magistrate gave the explanation of pleas. These explanations are given at the commencement of each and every traffic, minor misdemeanor, health, housing and zoning proceeding. Appellant argues that the explanation of pleas was not sufficient and therefore he was denied his allocution rights. Appellant appeals the trial court's order that affirmed the magistrate's order.
 {¶ 7} From July 1, 1995 to July 1, 2000, Crim.R. 19(B)(1)(c) provided that "[i]n no instance shall a magistrate make a determination of guilt or innocence, or recommend or impose a sentence."[2] Under this version of the rule in place at the time of appellant's proceedings, the magistrate had no authority to make a recommendation of guilt, innocence, or sentencing from appellant's no contest plea. Without a separate hearing, the trial court adopted the magistrate's recommendation and in doing so the court committed two errors.
 {¶ 8} First, it was plain error for the trial court to accept the magistrate's recommendation as the magistrate acted beyond the scope of her authority. Crim.R. 19(B)(1)(c). When a no contest plea is entered, the court at that time could not accept a magistrate's recommendation of guilt or innocence or a recommendation of sentencing. Id. The judge alone is responsible for determining if there was an error of law in the magistrate's decision. Civ.R. 53(E)(4)(a). The court should have determined an error of law in that the magistrate's recommendation was outside her scope of authority when appellant entered a no contest plea.
 {¶ 9} Also, prior to sentencing, the trial court must provide appellant an opportunity to speak to mitigate his sentence. The right of allocution is a longstanding right derived from the common law. State v.Land (Mar. 19, 2002), 7th Dist. No. 00-CA-261, 2002 Ohio App. LEXIS 7268, citing State v. Green (2000), 90 Ohio St.3d 352. "Ohio Crim.R. 32(A)(1) confers an absolute right of allocution[.]" Green at 358. "* * * [J]udges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." Green v.United States (1961), 365 U.S. 301, 305. The court must personally address each defendant informing him of his allocution rights prior to sentencing. The court did not hold a hearing separate from the magistrate's hearing to determine appellant's guilt or innocence, afford him his allocution rights and then determine his sentence. "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." Green, 90 Ohio St.3d 359-360.
 {¶ 10} We note that there is no requirement that an explanation of the allocution rights has to be given prior to the entry of a plea. Rather it is to be offered or explained prior to any sentence being imposed.
 {¶ 11} As noted above, prior to appellant's sentencing, the court erred by not offering him the opportunity to speak after the judgment was rendered. The purpose of the allocution right is for the defendant to have his last opportunity to explain himself and to possibly mitigate his sentence. The court never gave appellant this opportunity, and in not doing so denied appellant his allocution rights.
 {¶ 12} Under the current Crim.R. 19(C)(1)(c)(ii), "[i]n misdemeanor cases, a magistrate may accept and enter guilty and no contest pleas, determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and recommend a penalty to be imposed." Any such acceptance or determination is still subject to the trial court's review and adoption. Crim.R. 19(E)(3)(a). Even if the current rule was in effect, the magistrate erred by not affording appellant his allocution rights. In this case, the magistrate found appellant guilty and immediately recommended a sentence without asking appellant if he had anything to say. Even if a clear description of his rights of allocution were given in the initial explanation of pleas, appellant must still be informed of his rights and personally asked if he has anything to say after the court determines the judgment prior to imposing sentence. Land at 2-3.
 {¶ 13} Based on the above, we conclude there was plain error when the trial court accepted the magistrate's recommendation as she was acting beyond her scope of authority at that time. Also, the trial court denied appellant his allocution rights when a separate hearing was not held to afford appellant his rights. Appellant's sole assignment of error has merit and is well taken.
 {¶ 14} The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion. Moreover, that portion of the magistrate's decision finding appellant guilty is hereby vacated. On remand, the trial court is ordered to conduct a hearing to determine appellant's guilt or innocence, in light of appellant's no contest plea, and then, if finding him guilty, provide appellant his allocution rights prior to imposing sentence.
DONALD R. FORD, P.J., ELEVENTH APPELLATE DISTRICT, SITTING BY ASSIGNMENT.
JUDITH A. CHRISTLEY, J., ELEVENTH APPELLATE DISTRICT, SITTING BY ASSIGNMENT.
ROBERT A. NADER, J., RETIRED, ELEVENTH APPELLATE DISTRICT, SITTING BY ASSIGNMENT, concur.
[1] "Crim.R. 57 permits a trial court to `look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.'" State v. Letner, (Feb. 23, 2001), 2d Dist. No. 2000-CA-58, 2001 Ohio App. LEXIS 674, at 15. Because Crim.R. 19 governs objections to magistrates' rulings there is no need to use Civ.R. 53 when objecting to a magistrate's order in a criminal matter.
[2] We note that the traffic rule governing magistrates was not amended. Thus, a traffic magistrate continued to have the authority to accept pleas and recommend penalties. Traf.R. 14.